**Todd A. Zilbert, WSB No. 19158**
Email: taz@woodtatum.com
**John C. Mercer, WSB No. 19686**
Email: jcm@woodtatum.com
**Wood Tatum**
6915 SW Macadam Avenue, Suite 115
Portland, OR 97219
Telephone:  (503) 224-5430
Facsimile:  (503) 241-7235

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| **GRINDROD SHIPPING PTE LTD, a foreign corporation doing business as Island View Shipping,**<br><br>Plaintiff,<br><br>v.<br><br>**KALAMA EXPORT COMPANY LLC, a Delaware corporation,**<br><br>Defendant. | Case No.<br><br>**IN ADMIRALTY**<br><br>**COMPLAINT FOR BREACH OF MARITIME CONTRACT AND MARITIME TORT** |

Plaintiff alleges:

1.

This is an admiralty and maritime claim subject to Rule 9(h) of the Federal Rules of Civil Procedure.  Subject matter jurisdiction over this action for breach of a maritime contract and maritime tort exists under 28 USC §1333.

**PAGE -** 1    **COMPLAINT**

WOOD TATUM
6915 SW Macadam Avenue, Suite 115
Portland, Oregon 97219
Telephone:  (503) 224-5430

2.

Plaintiff, Grindrod Shipping Pte Ltd., doing business as Island View Shipping, was at all material times a foreign corporation in the business of ocean transportation with its principal place of business in Singapore.  Plaintiff is informed and believes and on that basis alleges that defendant Kalama Export Company LLC is and was at all material times a Delaware corporation doing business in Kalama, Washington.

3.

Plaintiff was at all material times charterer of the M/V NANTONG K, a Panama-flag cargo vessel of 33,232 gross tons, IMO Number 9496977.  Plaintiff is informed and believes and on that basis alleges that at all material times, defendant operated a grain terminal on the Columbia River known as Kalama Export Terminal.

4.

Plaintiff entered into two separate contracts to carry wheat from the Columbia River and nominated the NANTONG K to perform the ocean carriage.  On 14 September 2011, the vessel entered the Columbia River and, after inspection, plaintiff caused to be submitted to defendant two notices of readiness (one for each contract) and a single berth application seeking permission to berth the vessel at the Kalama Export Terminal for the purpose of loading grain under the terms of the Kalama Export Company Grain Terminal Elevator Tariff No. 13 ("the tariff").  A true copy of the berth application is attached as Exhibit A and incorporated by reference.  A true copy of the tariff is attached as Exhibit B and incorporated by reference.

5.

Tariff Item No. 39, "Assessment of Dockage," provides that "Vessels assigned a berth at the elevator wharf shall be assessed, by Kalama Export Company Kalama Terminal, such dockage rates and other charges as are contained in the Kalama Export Company LLC Tariff and shall be subject to the rules and regulations therein published."  Tariff Item No. 58, "Dockage," entitled defendant to charge as one form of its compensation "Dockage" at the rate of "$3.30 per Gross Registered Metric

1  Ton for the duration of loading." Tariff Item No. 61 defines "Dockage" as "The charge assessed
2  against an ocean vessel for berthing at a wharf, piling, structure, pier, bulkhead structure, or bank, or
3  for mooring a vessel so berthed. See: Item No. 39."

4                                                   6.

5  In response to the notices of readiness and berth application, defendant notified plaintiff that
6  plaintiff was required to pay in advance of berthing the "Dockage" charge under Tariff Item No. 58
7  twice because it was loading grain under two separate contracts. Plaintiff disputed that defendant
8  was entitled to a second dockage charge, contending that only one vessel was involved, that
9  defendant does not assess two "Dockage" charges against other vessels in similar circumstances, and
10 that the tariff did not authorize the second charge.

11                                                  7.

12 In recognition of commercial pressure to load the vessel without delay, plaintiff tendered to
13 defendant the demanded advance payment, but did so under protest. The protest was made in the
14 form of an e-mail from plaintiff's agent to defendant that stated:

> On behalf of the vessel's operators, Island View Shipping, we here by delivered the elevator advance request under protest and with a reservation of their rights to seek recovery of the one of dockage rates assessed against the M/V Nantong K, in which the operators was required to advance a dockage rate for the Gavilon cargo and additional dockage against the Agrex cargo, in which your tariff does not specify same.

20                                                  8.

21 As a result of defendant's demand for double Dockage, plaintiff paid to defendant $109,666
22 more than was due to defendant under the tariff. Despite demand, defendant has failed and refused
23 to reimburse the overpayment to plaintiff.

24 ///
25 ///
26 ///

PAGE - 3    COMPLAINT

WOOD TATUM
6915 SW Macadam Avenue, Suite 115
Portland, Oregon 97219
Telephone: (503) 224-5430

FIRST CLAIM FOR RELIEF

(Breach of Maritime Contract)

9.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1- 8, above.

10.

Defendant's demand for two Dockage payments in contravention of its tariff was a breach of contract. Despite demand, defendant has wrongfully failed and refused to repay to plaintiff the amount improperly charged as second Dockage.

11.

Implied in every maritime contract is a covenant of good faith and fair dealing. Defendant's demand for two Dockage payments in circumstances where defendant would normally charge only one Dockage violated defendant's duty to deal with plaintiff in good faith and constitutes a breach of contract, damaging plaintiff. Demand for two Dockage payments in contravention of its tariff was a breach of contract. Despite demand, defendant has wrongfully failed and refused to repay to plaintiff the amount improperly charged as second Dockage, damaging plaintiff in the amount of $109,666.

12.

As a result of defendant's breaches of contract, plaintiff has been damaged in an amount to be proved at trial, but not less than $109,666.

13.

As a result of defendant's breaches of contract, plaintiff has been required to retain attorneys to pursue its claim against defendant. Plaintiff is entitled to recover from defendant plaintiff's attorneys' fees under the applicable provisions of the Tariff Item; No. 8 and Washington law, RCW § 4.84.330.

///

///

14.

Plaintiff is entitled to recover from defendant prejudgment interest on the sum of $109,666 at 12% under the Tariff and Washington law

SECOND CLAIM FOR RELIEF

(Maritime Tort)

15.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-8 and 10-12, above.

16.

Defendant improperly demanded from plaintiff twice the amount to which it was entitled for Dockage, despite plaintiff's objections and over plaintiff's protest.  Defendant's receipt of funds and failure and refusal to reimburse plaintiff the amount of those funds is a conversion of plaintiff's property by improper means and for an improper motive.

WHEREFORE, Grindrod Shipping Pte Ltd., doing business as Island View Shipping, prays for the following relief against defendant Kalama Export Company LLC:

1. Under the First Claim for Relief, for damages for breach of maritime contract in the amount of $109,666, attorneys' fees and prejudgment interest.

2. Under the Second Claim for Relief, for damages for maritime tort in the amount of $109,666.

3. For its costs and expenses incurred in having to bring this action.

4. For such other and further relief as the Court deems just.

DATED this _____ day of January, 2012.

WOOD TATUM

/s/ Todd A. Zilbert
Todd A. Zilbert, WSB No. 19158
6915 SW Macadam Avenue, Suite 115
Portland, Oregon 97219
Telephone: (503) 224-5430 Fax: (503) 241-7235
E-mail:  taz@woodtatum.com