**Todd A. Zilbert, WSB No. 19158**
Email: taz@woodtatum.com
**John C. Mercer, WSB No. 19686**
Email: jcm@woodtatum.com
**Wood Tatum**
6915 SW Macadam Avenue, Suite 115
Portland, OR 97219
Telephone: (503) 224-5430
Facsimile: (503) 241-7235
Attorneys for Plaintiff

**John A. Goldmark, WSB No. 40980**
Email: johngoldmark@dtw.com
**Davis Wright Tremaine, LLP**
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
**Anthony J. Mavronicolas, (Admitted Pro Hac Vice)**
Email: amavronicolas@mavrolaw.com
**Mavronicolas, Mueller & Dee**
950 Third Avneue, 10th Floor
New York, NY 10021
Telephone: (212) 253-6040
Facsimile: (212) 253-7171
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| **GRINDROD SHIPPING PTE LTD, a foreign corporation doing business as Island View Shipping,**<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>**KALAMA EXPORT COMPANY LLC, a Delaware corporation,**<br><br>　　　　　　　　　Defendant. | Case No. 3:12-cv-05085-BHS<br><br>**IN ADMIRALTY**<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Page 1 – **JOINT STATUS REPORT AND DISCOVERY PLAN**

1.   **Nature and Complexity of Case**

Plaintiff, Grindrod Shipping, owner of a commercial cargo ship, sues for reimbursement of a portion of a berth deposit it paid to Kalama Export Company, the operator of a grain elevator that loaded the ship.  Kalama Export refused to reimburse the demanded portion of the deposit.  The tariff language, the parties' reasonable expectations, and the commercial practices and customs of Kalama Export and other grain elevators in the area will be relevant to deciding the dispute.  The prevailing party will have a claim for attorney fees under the applicable tariff.  It is not a complex case.  It is unlikely that other parties will be joined.

2.   **FRCP 26(f) Conference**

The conference was held 10 May 2012, and this Report was prepared.  Initial disclosures were exchanged 25 May 2012, and the parties will soon exchange written discovery requests.

3.   **Joining Additional Parties**

The parties do not plan to join any additional parties.

4.   **ADR Preference**

The parties intend to schedule mediation unless they are able to resolve the case through informal settlement discussions.

5.   **Proposed ADR Timeline**

The parties intend to participate in formal mediation before 30 September 2012.

6.   **Discovery Plan**

A. The parties exchanged initial disclosures 25 May 2012.

B. The parties will serve initial discovery requests by 25 July 2012. Responses to the initial discovery requests will be due 24 August 2012.  Depositions of non-expert witnesses will be completed by 31 October 2012.  Expert disclosures will be exchanged 1 October 2012.

C. The parties do not propose to change the limitations on discovery that are set by rule.

D. In order to minimize discovery expense, the parties will endeavor to request only pertinent information and to informally negotiate any disputes.

E. The parties are aware of no other orders that should be entered under Fed R. Civ. P. 26 or Local Rule CR 16.

**7.     Discovery Completion Date**

The parties have agreed to a tentative discovery cut-off of 31 October 2012.

**8.     Dispositive Motions**

The parties propose a dispositive motion filing deadline of 30 November 2012.

**9.     Consent to Magistrate**

The parties have not consented to a magistrate judge to conduct all proceedings under Local Rule MJR 13.

**10.    Bifurcation**

The parties do not propose bifurcation.

**11.    Dispensing with Pretrial Statements and Order**

The parties propose that the pretrial statements called for by Local Rule CR 16 should be dispensed with for purposes of economy.

**12.    Suggestions for Simplifying the Case**

None.

**13.    Trial Date**

The parties anticipate that the case will be ready for trial within one year from the filing of the complaint.

**14.    Jury Trial**

Neither party has requested a jury for this proceeding in admiralty.

**15.    Estimated Length of Trial**

The parties anticipate the trial will last 2-3 days.

**16.    Trial Counsel Availability for Trial**

Counsel has no conflicts at this time.

**17.   Designation for Trial**

Counsel agree that the case can be tried at the Federal Building in Vancouver, WA, as it is a bench trial.

**18.   Service on All Defendants**

There are no un-served defendants.

**19.   Corporate Disclosures**

Plaintiff filed their corporate disclosure on 8 February 2012. Defendant filed their corporate disclosure on 1 May 2012.

DATED this 1st day of June, 2012.

WOOD TATUM

/s/ Todd A. Zilbert
Todd A. Zilbert, WSB No. 19158
6915 SW Macadam Avenue, Suite 115
Portland, Oregon 97219
Telephone: (503) 224-5430
Fax: (503) 241-7235
E-mail: taz@woodtatum.com
Attorney for Plaintiff


MAVRONICOLAS MUELLER & DEE

/s/ Anthony J. Mavronicolas
Anthony J. Mavronicolas, (Admitted Pro Hac Vice)
950 Third Avneue, 10th Floor
New York, NY 10021
Telephone: (212) 253-6040
Facsimile: (212) 253-7171
Email: amavronicolas@mavrolaw.com
Attorneys for Defendant